UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEXIS MUNOZ,

    Petitioner,

v.                                    Case No:  2:16-cv-491-FtM-29MRM
                                        Case No. 2:01-CR-49-FTM-29MRM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter came before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #170)[1] filed on June 21, 2016. On August 4, 2016, the parties filed a Joint Stipulation Regarding ACCA Sentence & Motion for Briefing Schedule Regarding the Applicability of the Sentence Package Doctrine (Cv. Doc. #9) agreeing that petitioner's ACCA enhancement as to Count Four should be vacated in light of Johnson v. United States, 135 S. Ct. 2551 (2015). As to the appropriate resentencing procedure, petitioner filed a Memorandum of Law in Support of Applying the Sentencing Package Doctrine (Cv. Doc. #11), the government filed

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

a Response (Cv. Doc. #12), and petitioner filed a Reply (Cv. Doc. #13). The parties agree that the judgment should be vacated, and the government has agreed that petitioner should be fully resentenced thereby rendering the package doctrine issue moot. The parties agree that a resentencing hearing should be scheduled.

On September 5, 2001, a federal grand jury in Fort Myers, Florida returned a First Superseding Indictment (Cr. Doc. #44) charging petitioner and others with conspiracy to possess with intent to distribute 500 grams or more of cocaine (Count One), possession with intent to distribute 500 grams or more of cocaine (Count Two), knowingly using and carrying a firearm during and in relation to a drug trafficking crime and in furtherance of the crime charged in Count One (Count Three), and being a felon in possession of a firearm (Count Four).  Petitioner entered a plea of guilty as to Counts One, Three, and Four of the First Superseding Indictment pursuant to a Plea Agreement (Cr. Doc. #71), and therein the government agreed it would dismiss Count Two at the time of sentencing.  (Cr. Doc. #79.)  On March 18, 2002, the Court sentenced petitioner to a term of imprisonment of 262 months as to Counts One and Four, and 60 consecutive months as to Count Three, all to be followed by a term of supervised release.  (Cr. Doc. #109.)  Judgment (Cr. Doc. #110) was filed on March 19, 2002.

On April 18, 2016, in Welch v. United States, 136 S. Ct. 1257 (2016), the United States Supreme Court determined that the

residual clause of the ACCA was unconstitutionally vague, and that <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), announced a substantive rule that applied retroactively on collateral review. On June 20, 2016, the Eleventh Circuit granted petitioner leave to file a second or successive Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody as to petitioner's ACCA claim only.  (Cr. Doc. #169.)  The Court will grant relief and vacate the underlying criminal judgment.  The Court will also appoint the Federal Public Defender's Office for resentencing.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's (second) Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #170) is **GRANTED.**
1. The Judgment in a Criminal Case (Cr. Doc. #110) is **vacated**.
2. The Clerk shall appoint the Federal Public Defender's Office to represent defendant for purposes of re-sentencing.
3. The United States Marshal's Office shall facilitate and effectuate the transportation of defendant for re-sentencing.  Defendant shall be available in Fort Myers **on or before January 13, 2017**.

4. The United States Probation Office shall issue a memorandum based on the retroactive application of Johnson, and distribute copies of the memorandum to appointed counsel, the Office of the United States Attorney, and defendant **on or before January 27, 2017**.

5. The parties shall appear for re-sentencing before the undersigned on**, Monday, February 6, at 10:00 a.m.**, Courtroom A, Sixth Floor, Fort Myers, Florida.  A separate notice will issue.

6. The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file and to make a notation on the docket that the criminal judgment has been vacated.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
FPD
AUSA
U.S. Probation
U.S. Marshal